UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SATOKO PARLANTE ) | |
| ) | |
| Plaintiff, ) | 3:09-CV-0350-LRH-VPC |
| ) | |
| v. ) | |
| ) | ORDER |
| CHASE HOME FINANCE, LLC; FEDERAL ) | |
| NATIONAL MORTGAGE ASSOCIATION, ) | |
| ) | |
| Defendants. ) | |

Before the court is defendants Chase Home Finance, LLC ("Chase") and Federal National Mortgage Association's ("Fannie Mae") motion for judgment on the pleadings filed on June 28, 2010. Doc. #18.[1] Plaintiff Satoko Parlante ("Parlante") filed an opposition (Doc. #25) to which defendants replied (Doc. #27).

Also before the court is Parlante's motion for an extension of time to oppose. Doc. #24.

**I.  Facts and Background**

Parlante purchased real property through a loan with a non-party loan originator. The property was secured by a note and deed of trust which was eventually transferred to defendant Chase who acted as the loan servicer. Parlante defaulted on the loan and the property was sold at a trustee's sale to defendant Fannie Mae.

---

[1] Refers to the court's docketing number.

Subsequently, on October 22, 2009, Parlante filed a complaint against defendants alleging claims for violations of the Truth in Lending Act and for wrongful foreclosure. Doc. #5. Thereafter, defendants filed the present motion to dismiss. Doc. #18.

**II.     Legal Standard**

A party may move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(c). The legal standard for a motion for judgment on the pleadings is equivalent to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See e.g., Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). However, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

### III. Discussion

#### A. Truth in Lending Act ("TILA")

A claim under TILA is sustainable when a plaintiff establishes that defendant creditors failed to disclose required information about the terms of the loan to the plaintiff at the time the loan was made. *See Enriquez v. J.P. Morgan Chase Bank, N.A.,* 2009 WL 160245 (D. Nev. 2009).

Here, neither Chase nor Fannie Mae originated the subject loan. Chase is the loan servicer who purchased the original loan after it was made; Fannie Mae is the purchaser of the subject property at the Trustee's sale. Thus, based on her complaint, Parlante's TILA claim is not sustainable because neither Chase nor Fannie Mae were under any obligation to disclose terms of a loan of which they were not a part. Accordingly, defendants are entitled to judgment on this claim.

#### B. Wrongful Foreclosure

An action for wrongful foreclosure requires that, at the time of the foreclosure sale, the plaintiff was not in breach of the mortgage contract. *Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Here, Parlante was in default on her mortgage obligations so there can be no sustainable action for a wrongful foreclosure. *See* Doc. #1, Exhibit 1.

IT IS THEREFORE ORDERED that defendants' motion for judgment on the pleadings (Doc. #18) is GRANTED.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment appropriately.

IT IS FURTHER ORDERED that plaintiff's motion for an extension of time to file an opposition (Doc. #24) is GRANTED nunc pro tunc.

IT IS SO ORDERED.

DATED this 16th day of August, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3